UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KHELVY SILVA-TORRES,

    Plaintiff,

                                   Case No. 5:23-cv-180-TKW/MJF

KEVIN PISTRO, *et al.*,

    Defendants.
                                   /

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On July 18, 2023, the undersigned ordered Plaintiff to file a motion for leave to proceed *in forma pauperis* or pay the filing fee. Doc. 4. The undersigned imposed a deadline of August 1, 2023, to comply and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 2. Plaintiff did not comply with that order.

On August 16, 2023, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of

August 1, 2023. Doc. 5. The undersigned imposed a deadline of September 6, 2023, and again warned Plaintiff that the failure to comply likely would result in dismissal of this action. *Id.*

On August 31, 2023, Plaintiff responded that he could not file a motion to proceed *in forma pauperis* because Plaintiff was placed in the "Special Housing Unit for an allegation of financial fraud" and remained there for twenty-three days. Doc. 6 at 1. On September 7, 2023, the undersigned permitted Plaintiff additional time to pay the filing fee or move to proceed *in forma pauperis*. Doc. 7.

On September 18, 2023, Plaintiff moved the court to "compel" Federal Correctional Institution ("FCI") Marianna to provide him with the requisite attachments for a motion to proceed *in forma pauperis*. Doc. 8; *see* N.D. Loc. R. 5.3. On October 13, 2023, the undersigned denied Plaintiff's motion in part, but afforded Plaintiff additional time to pay the filing fee or move to proceed *in forma pauperis*. Doc. 9.

On December 8, 2023, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of October 13, 2023. Doc. 13. The undersigned imposed a deadline of

December 22, 2023, and again warned Plaintiff that the failure to comply likely would result in dismissal of this action. *Id.*

On December 14, 2023, Plaintiff filed an untitled, handwritten letter along with attachments. Doc. 14. The attachments were documents that contained the signature of a "Trust Fund Specialist" and included Plaintiff's inmate trust account balance. Doc. 14 at 3–13.

On January 2, 2024, Plaintiff again moved this court to compel FCI Marianna to provide him with a "six[-]month detailed report" and other personal items. Doc. 15. On February 2, 2024, the undersigned denied Plaintiff's motion as unresponsive to the undersigned's show-cause order of December 8, 2023, and explained that if Plaintiff did not show cause *and* ether pay the filing fee or submit a proper motion to proceed *in forma pauperis* "with the requisite attachments," Plaintiff's lawsuit likely would be dismissed. Doc. 16.

As of the date of this report and recommendation, Plaintiff has not complied with that order.[1]

---

[1] On February 22, 2024, Plaintiff again moved for an extension of time. Doc. 17. Plaintiff provides no explanation aside from familiar allegations of a cabal at FCI Marianna. *Id.* at 1. Relevant here, Plaintiff failed to move for leave to proceed *in forma pauperis* or pay the filing fee as

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962); Fed. R. Civ. P. 41(b). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002) (per curiam).

Here, Plaintiff has not shown good cause and has failed to proffer a sound excuse for his failure to prosecute his claim or pay the filing fee. Plaintiff's oft-repeated explanation is that he cannot acquire the necessary materials to move for leave to proceed *in forma pauperis* because personnel at FCI Marianna are withholding these materials from Plaintiff. *See* Docs. 6; 8; 10; 11; 14; 15; and 17. But Plaintiff's own

---

required by the undersigned's latest show-cause order of February 2, 2024, Doc. 16.

"notice" filed with this court on December 14, 2023, contains *both* required documents, one of which appears to be signed by FCI personnel. Doc. 14 at 2 (financial certificate with prison official's signature); *see id.* at 3–13 (inmate trust account statement from January 2023 to October 2023). Plaintiff's explanations of wide-ranging subterfuge are therefore belied by documents he has filed with the court.

Despite possessing the requisite materials and being granted three extensions to do so, Plaintiff has failed to move for leave to proceed *in forma* pauperis and has not paid the filing fee. Accordingly, dismissal of this civil action is appropriate.

### III. CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.
2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 1st day of March, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**